IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MIGUEL DAVID GEDO,** | |
| Plaintiff, | REPORT AND RECOMMENDATION |
| vs. | Case No. 2:05cv363 |
| **PLEASANT GROVE CITY CORP., POLICE, CITY ATTORNEY, PLANNING and ZONING, MAYOR, ANIMAL CONTROL, et al.,** | District Judge Paul G. Cassell |
| | Magistrate Judge Paul M. Warner |
| Defendants. | |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Paul G. Cassell pursuant to 28 U.S.C. § 636(b)(1)(B). Before the court is Pleasant Grove City Corp., Police, City Attorney, Planning and Zoning, Mayor, and Animal Control's (collectively, "Defendants") Motion for Summary Judgment. The court has carefully reviewed the memorandum submitted by Defendants. Miguel David Gedo ("Plaintiff"), who is appearing pro se, has not filed a responsive memorandum, and the deadline for doing so has passed. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memorandum and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

**I. Procedural Background**

Plaintiff filed the instant action against Defendants on April 29, 2005. Prior to entry of

the scheduling order, Plaintiff filed a motion for summary judgment.  On May 12, 2006, this court issued a report and recommendation (the "R&R") recommending that Judge Cassell deny Plaintiff's motion.  Plaintiff did not file an objection to the R&R.  On June 1, 2006, Judge Cassell adopted the R&R in its entirety.

The scheduling order in this matter was entered on July 19, 2006.  Since that time, there has been no activity in this case until the filing of the instant motion on April 30, 2007, one day prior to the dispositive motion deadline set forth in the scheduling order.  Plaintiff's opposition was due on June 4, 2007.  Plaintiff, however, has failed to respond to this motion or to file a motion for an extension of time in which to respond.

## II. Factual Background

Plaintiff alleges that Defendants have violated his constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985.  The first cause of action is styled as a trespass claim but alleges that Defendants entered Plaintiff's property and searched without probable cause or a warrant.  It also alleges the wrongful seizure and destruction of Plaintiff's property.  The second cause of action is styled as claim for double jeopardy and alleges that Plaintiff was wrongfully prosecuted twice for the same crime.  The third cause of action is styled as a conspiracy claim and alleges a conspiracy among Defendants, the Utah Fourth District Court, and unnamed residents of Pleasant Grove City.

The acts complained of occurred between 1999 and 2002.  On September 16, 1999, the Pleasant Grove City prosecutor filed an information in the Pleasant Grove Justice Court against Plaintiff as the tenant in possession of property located on 200 South in Pleasant Grove, Utah (the "property").  The information alleged a violation of the Pleasant Grove City Code, which prohibits the storage of junk on private property including abandoned and inoperable vehicles.

The information was based on complaints from Plaintiff's neighbors and the observations of the Pleasant Grove City staff.  Plaintiff was maintaining approximately thirty to forty-five junked and inoperable vehicles on the property at the time.  Plaintiff had been issued two warning letters requesting that he clean up the property prior to the filing of the information.

On August 10, 2000, Plaintiff was convicted on an infraction in the Pleasant Grove City Justice Court and ordered remove the abandoned and inoperable vehicles and other junk from the property.  Plaintiff appealed the conviction to the Fourth District Court in Provo, Utah.  On February 13, 2001, a jury trial was held, and Plaintiff was convicted of a class B misdemeanor.  The judge imposed a sentence on Plaintiff, which included an order that he clean up the property within thirty days from the date of the sentencing, which was February 26, 2001.

On June 11, 2001, the Fourth District Court held a review hearing on the matter and again ordered Plaintiff to remove the inoperable vehicles by July 20, 2001.  Plaintiff, however, failed to clean up the property.  On August 13, 2001, the Fourth District Court held a second review hearing, found Plaintiff to be in contempt of court, and again ordered him to remove the inoperable vehicles within thirty days.  The Fourth District Court further ordered that if Plaintiff failed to do so, Pleasant Grove City was authorized to remove the vehicles and assess the costs of removal to Plaintiff.  Plaintiff failed to comply with the order within the thirty days.  Accordingly, on September 18, 2001, Pleasant Grove City had the vehicles removed from the property and placed in storage.  Pleasant Grove City then sought a judgment against Plaintiff for the costs of the removal.

On January 7, 2002, Plaintiff, through his attorney, filed a motion in Fourth District Court for a new trial, which the court denied on February 11, 2002.  The Fourth District Court, however, did find that there had been an error in sentencing Plaintiff to a class B misdemeanor.

Therefore, on April 23, 2002, the court changed the conviction to that of an infraction and sentenced Plaintiff to pay a fine and reserved the issue of restitution to Pleasant Grove City. On July 2, 2002, Pleasant Grove City was granted restitution in the amount of $4245.00 for the costs of cleaning up the property. That restitution order was reduced to a judgment and recorded against the property. On September 3, 2002, Plaintiff, through new counsel, filed a motion to dismiss to which Pleasant Grove City did not respond. The court dismissed the case on November 25, 2002.

### III.  Discussion

A motion for summary judgment under rule 56 of the Federal Rules of Civil Procedure is appropriate when the pleadings, depositions, and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). "As a matter of law, the movant must show entitlement to summary disposition beyond all reasonable doubt." *Alta Health Strategies, Inc. v. Kennedy*, 790 F. Supp. 1085, 1089 (D. Utah 1992) (quotations and citations omitted). Thus, the movant bears an initial burden to demonstrate an absence of evidence to support an essential element of the nonmovant's case. If the movant carries its initial burden, the burden then shifts to the nonmovant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Because Plaintiff has failed to oppose or otherwise respond to the motion, the court deems the facts set forth in Defendants' memorandum in support of their motion for summary judgment as true. Specifically, under civil rule 56-1(c) of the United States District Court for the District of Utah Rules of Practice :

> All material facts of record meeting the requirements of [Federal Rule of Civil Procedure] 56 that are set forth with particularity in the statement of the movant

> will be deemed admitted for the purpose of summary judgment, unless specifically controverted by the statement of the opposing party identifying material facts of record meeting the requirements of [Federal Rule of Civil Procedure] 56.

DUCivR 56-1(c). Additionally, rule 56-1(f) provides that "[f]ailure to respond timely to a motion for summary judgment may result in the court's granting the motion without further notice." DUCivR 56-1(f).

It appears that Plaintiff has attempted to sue individuals in their official capacity. Plaintiff has not named any individuals as defendants. A suit against government officers in their official capacities is actually a suit against the governmental entity that employs the officers. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Municipal liability in section 1983 cases is limited to deprivation of federally protected rights caused by action taken pursuant to official municipal policy. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). To establish liability, Plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the alleged deprivation of his rights. *See id.* Plaintiff has failed to allege or identify any municipal policy, practice, or custom which is purported to have deprived the Plaintiff of his rights. Without these allegations, Plaintiff's section 1983 claim must be dismissed as a matter of law.

Plaintiff has also alleged a conspiracy claim under 42 U.S.C. § 1985. A section 1985 claim applies "only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). There are no allegations in the complaint that Defendants' actions against Plaintiff were based on a discriminatory animus. Accordingly, this claim also should be dismissed as a matter of law.

### IV.  Recommendation

Because Plaintiff has failed to state a claim under either 42 U.S.C. §§ 1983 or 1985, the court **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED**. Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  The parties are further notified that they must file any objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent review.

**IT IS SO ORDERED.**

DATED this 3rd day of July, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge